**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF OMDAHL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>FARFETCH LIMITED, JOSÉ NEVES, ELLIOT JORDAN, FREDERIC COURT, DANA EVAN, JONATHAN KAMALUDDIN, RICHARD LIU, NATALIE MASSENET, JONATHAN NEWHOUSE, DANIEL RIMER, MICHAEL RISMAN, DAVID ROSENBLATT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, ALLEN & COMPANY LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC, WELLS FARGO SECURITIES, LLC, COWEN AND COMPANY, LLC, and BNP PARIBAS SECURITIES CORP.,<br><br>    Defendants. | Case No. 1:19-cv-08657-AJN<br><br>Hon. Alison J. Nathan |

(*Additional caption on following page.*)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF IAM NATIONAL PENSION FUND AND OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

CITY OF CORAL SPRINGS POLICE
OFFICERS' RETIREMENT PLAN,
individually and on behalf of all others
similarly situated,

                  Plaintiff,

vs.

FARFETCH LIMITED, JOSÉ NEVES,
ELLIOT JORDAN, FREDERIC COURT,
DANA EVAN, JONATHAN
KAMALUDDIN, RICHARD LIU, DAME
NATALIE MASSENET, DBE, JONATHAN
NEWHOUSE, DANIEL RIMER, MICHAEL
RISMAN, DAVID ROSENBLATT,
GOLDMAN SACHS & CO. LLC, J.P.
MORGAN SECURITIES LLC, ALLEN &
COMPANY LLC, UBS SECURITIES LLC,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC,
WELLS FARGO SECURITIES, LLC,
COWEN AND COMPANY, LLC, and BNP
PARIBAS SECURITIES CORP.,

                  Defendants.

Case No. 1:19-cv-08720-AJN

Hon. Alison J. Nathan

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................... 4

III.  ARGUMENT ........................................................................................................... 5

    A.   The Related Actions Should Be Consolidated ..............................................5

    B.   IAM National Pension Fund and Oklahoma Firefighters Are the Most
         Adequate Plaintiff ..........................................................................................6

         1.   IAM National Pension Fund and Oklahoma Firefighters's
                 Motion Is Timely ..........................................................................8

         2.   IAM National Pension Fund and Oklahoma Firefighters
                 Have the Largest Financial Interest in the Relief Sought by
                 the Class ........................................................................................8

         3.   IAM National Pension Fund and Oklahoma Firefighters
                 Satisfy Rule 23's Typicality and Adequacy Requirements ........................9

             a.   IAM National Pension Fund and Oklahoma Firefighters's Claims
                     Are Typical .................................................................... 9

             b.   IAM National Pension Fund and Oklahoma Firefighters Are
                     Adequate .................................................................... 10

    C.   IAM National Pension Fund and Oklahoma Firefighters's Selection of
         Lead Counsel Should Be Approved ...............................................................13

IV.   CONCLUSION ...................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Faig v. BioScrip, Inc.*,
   Nos. 13 Civ. 06922 (AJN), *et al.*,
   2013 WL 6705045, (S.D.N.Y. Dec. 19, 2013) ............................................................. *passim*

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................3

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret.*
   *Income Sec. Act (ERISA) Litig.*,
   258 F.R.D. 260 (S.D.N.Y. 2009) ......................................................................3, 11

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (S.D.N.Y. 2012) ..........................................................................2

*Springer v. Code Rebel Corp.*,
   No. 16-cv-3492 (AJN),
   2017 WL 838197 (S.D.N.Y. Mar. 2, 2017) ..................................................... *passim*

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
   No. 13-6731,
   2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) .......................................................12

**Statutes**

15 U.S.C. § 77z-1(a) ................................................................................ *passim*

15 U.S.C. § 78u-4(a) ............................................................................... *passim*

**Other Authorities**

Fed R. Civ. P. 23 ..................................................................................... *passim*

Fed R. Civ. P. 42(a) ................................................................................ *passim*

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..........................3, 11

IAM National Pension Fund and Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") respectfully submit this memorandum of law in support of their Motion, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for: (1) consolidation of the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (2) appointment of IAM National Pension Fund and Oklahoma Firefighters as Lead Plaintiff; and (3) approval of IAM National Pension Fund and Oklahoma Firefighters's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class.

## I.       INTRODUCTION

Presently pending in this District are the above-captioned related securities class actions (the "Related Actions") brought under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77(k) and 77(o)), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), as amended by the PSLRA, against Farfetch Limited ("Farfetch" or the "Company"), certain of its executive officers and directors, and certain of its underwriters (collectively, "Defendants").  The Related Actions are brought on behalf of: (1) all persons who purchased or otherwise acquired Farfetch securities pursuant and/or traceable to the registration statement and prospectus (the "Registration Statement") issued in connection with the Company's September 21, 2018 initial public offering (the "IPO"); and (2) all persons who purchased or otherwise acquired Farfetch securities between

September 21, 2018, and August 8, 2019, both dates inclusive (the "Class Period").[1]  Because the Related Actions involve common issues of law and fact, IAM National Pension Fund and Oklahoma Firefighters respectfully suggest that consolidation is appropriate under Rule 42(a).

After consolidation, the PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws.   Specifically, the PSLRA requires the appointment of the person or group of persons: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the relief sought by the class; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii); *Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (Nathan, J.) (discussing lead plaintiff selection process under the PSLRA).

IAM National Pension Fund and Oklahoma Firefighters respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  IAM National Pension Fund and Oklahoma Firefighters's Motion is timely and their losses of approximately $5.7 million under a last-in, first-out ("LIFO") basis in connection with their transactions in Farfetch securities during the Class Period represents the largest known financial interest in the relief sought by the class.  *See* Declaration of Gerald H. Silk in Support of the Motion of IAM National Pension Fund and Oklahoma Firefighters Pension and Retirement System for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Silk Decl."), Exs. A & B.

---

[1]    At the lead plaintiff stage, the most-inclusive class definition controls.  *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (S.D.N.Y. 2012) (using "most inclusive class period" in the lead plaintiff selection process).  As such, IAM National Pension Fund and Oklahoma Firefighters rely on the class period alleged in *City of Coral Springs Police Officers' Retirement Plan v. Farfetch Limited, et al.*, No. 1:19-cv-08720-AJN (S.D.N.Y.), in assessing their financial interest.

In addition to asserting the largest financial interest, IAM National Pension Fund and Oklahoma Firefighters satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class. *See infra* Section III.B. Moreover, as sophisticated institutional investors collectively responsible for overseeing more than $15 billion in assets and experience serving as lead plaintiffs, IAM National Pension Fund and Oklahoma Firefighters are the prototypical lead plaintiff envisioned by Congress to serve as lead plaintiff under the PSLRA, and their appointment would therefore fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.").

Further, as set forth in greater detail in the Joint Declaration of Ryk Tierney and Chase Rankin, submitted herewith (the "Joint Declaration"), IAM National Pension Fund and Oklahoma Firefighters are already operating as a cohesive group, fully understand the lead plaintiff's obligations to the class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this litigation. *See* Silk Decl., Ex. C. Indeed, prior to filing their joint motion, representatives of IAM National Pension Fund and Oklahoma Firefighters held a joint conference call to formalize their oversight of this litigation and discuss the merits of the claims and their common goals in seeking to lead this litigation. *See id.* ¶ 10; *In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 258

F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutional investors and noting "declarations demonstrating cooperative efforts among" the group's members).

Finally, IAM National Pension Fund and Oklahoma Firefighters have retained experienced and competent counsel to represent the class. Bernstein Litowitz and Kessler Topaz are law firms with substantial experience in prosecuting securities class actions and a history of jointly litigating actions resulting in significant recoveries for investors. *See infra* Section III.C. Accordingly, IAM National Pension Fund and Oklahoma Firefighters respectfully request that their selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class be approved. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); *Springer*, 2017 WL 838197, at *3 ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.") (citation and alteration omitted).

## II.      FACTUAL BACKGROUND

Farfetch, a Cayman Islands corporation headquartered in London, United Kingdom, purports to be a leading technology platform for the global luxury fashion industry. The Company's business model generates income primarily from handling transactions that take place on its online platform, measured in gross merchandise value ("Platform GMV"). Farfetch Class A ordinary shares trade in the United States on the NASDAQ under the ticker symbol "FTCH."

The Related Actions allege that in the Registration Statement and throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's operations and prospects. Specifically, Defendants failed to disclose that: (1) the Company would refuse to reduce merchandise prices to match the rest of the market; (2) this sub-optimal pricing strategy rendered the Company's platform highly susceptible to underpricing by competitors, despite what Defendants touted as a "superior" platform; (3) as a result, the Company's past and projected Platform GMV growth rates were foreseeably unsustainable; and (4) as a result of the foregoing,

Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As alleged in the Related Actions, on August 8, 2019, the Company issued a press release disclosing its second quarter 2019 financial results, reporting a loss of $89.6 million after taxes. The Company also reduced its full-year 2019 Platform GMV growth target from 41% year-over-year, to a range between 37% and 40% year-over-year.  On the Company's earnings call that same day, Defendant José Neves, the Company's Chief Executive Officer, revealed that the Company "observed an increasingly competitive environment" in which merchandise sold on the Company's platform "will often be more expensive compared to discounted prices from our competitors."  As a result, the Company was predicting "a deceleration of our aggressive market share capture in the short term."  On this news, the price of Farfetch's Class A ordinary shares declined $8.12 per share, or more than 44%, from a close of $18.25 per share on August 8, 2019, to close at $10.13 per share on August 9, 2019.  By the commencement of the first-filed Related Action on September 17, 2019, the Company's Class A ordinary shares closed at $10.20 per share, significantly below the IPO price of $20.00 per share.

III.     **ARGUMENT**

A.     **The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §§ 77z-1(a)(3)(B)(ii), 78u-4(a)(3)(B)(ii).  Under Rule 42(a), consolidation is appropriate where the actions "involve 'a common question of law or fact.'"  *Faig v. BioScrip, Inc.*, Nos. 13 Civ. 06922 (AJN), *et al.*, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) (Nathan, J.)

("[C]onsolidation is appropriate '[i]f actions before the court involve a common question of law or fact.'") (citations omitted).

There are at least two related securities class actions pending in this District on behalf of investors who purchased Farfetch securities:

| Case Caption | Date Filed | Claims | Class Definition |
|---|---|---|---|
| *Omdahl v. Farfetch Limited, et al.*, No. 1:19-cv-08657-AJN | September 17, 2019 | Sections 11 and 15 of the Securities Act | Purchased or acquired pursuant and/or traceable to Farfetch's IPO |
| *City of Coral Springs Police Officers' Retirement Plan v. Farfetch Limited, et al.*, No. 1:19-cv-08720-AJN | September 19, 2019 | Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act | Purchased or acquired pursuant and/or traceable to Farfetch's IPO, and/or between September 21, 2018, and August 8, 2019 |

The Related Actions make overlapping allegations against overlapping Defendants. Accordingly, consolidation is appropriate under Rule 42(a). *See id.* at *1 (finding consolidation appropriate where one case "alleges Securities Act violations in addition to Exchange Act violations" and another does not).

## B. IAM National Pension Fund and Oklahoma Firefighters Are the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. §§ 77z-1(a)(1)-(3)(B)(i), 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed

as lead plaintiff within sixty days of the publication of the notice. *See id*. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id*. §§ 77z-1(a)(3)(A)-(B), 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the member or group of members of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant or group of movants with the largest financial interest in the relief sought by the class that also satisfies the relevant requirements of Rule 23. *Id*. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I); *see also Springer*, 2017 WL 838197, at *1 (discussing the PSLRA's process for selecting a lead plaintiff). The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §§ 77z-1(a)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II); *see also Springer*, 2017 WL 838197, at *1 ("This presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'") (citations omitted).

Here, IAM National Pension Fund and Oklahoma Firefighters are the "most adequate plaintiff" because they: (1) filed a timely motion for appointment as Lead Plaintiff; (2) possess the

"largest financial interest in the relief sought by the class"; and (3) "otherwise satisf[y] the requirements of Rule 23" for purposes of this Motion.  15 U.S.C. §§ 77z-1(a)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

### 1.   IAM National Pension Fund and Oklahoma Firefighters's Motion Is Timely

The PSLRA allows any member or group of members of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. §§ 77z-1(a)(3)(A)(i)(II), 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the first of the Related Actions, notice was published on September 17, 2019, in *Business Wire*.  *See* Silk Decl., Ex. D.  Thus, November 18, 2019, is the deadline for class members to seek appointment as lead plaintiff.  Accordingly, IAM National Pension Fund and Oklahoma Firefighters's Motion is timely.

### 2.   IAM National Pension Fund and Oklahoma Firefighters Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant or group of movants asserting the largest financial interest in the relief sought by the class and who "otherwise satisfies the requirements of Rule 23" is the most adequate plaintiff.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii); *Springer*, 2017 WL 838197, at *1.  Here, IAM National Pension Fund and Oklahoma Firefighters suffered substantial losses of approximately $5.7 million on a LIFO basis in connection with Class Period transactions in Farfetch securities during the Class Period.  *See* Silk Decl., Exs. A & B; *Springer*, 2017 WL 838197, at *3 (appointing as lead plaintiff the group of movants with the largest financial loss).  To the best of IAM National Pension Fund and Oklahoma Firefighters's knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in this litigation.

### 3.     IAM National Pension Fund and Oklahoma Firefighters Satisfy Rule 23's Typicality and Adequacy Requirements

IAM National Pension Fund and Oklahoma Firefighters also satisfy the applicable requirements of Rule 23.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc), 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  However, at the lead plaintiff stage, the "moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements have been met."  *Springer*, 2017 WL 838197, at *2 (citation and internal quotation omitted).

### a.     IAM National Pension Fund and Oklahoma Firefighters's Claims Are Typical

"The typicality requirement is satisfied if the movant shows that class members' claims 'arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Faig*, 2013 WL 6705045, at *3 (alteration in original) (citation omitted).  Here, IAM National Pension Fund and Oklahoma Firefighters satisfy the typicality requirement because, just like all other proposed class members, IAM National Pension Fund and Oklahoma Firefighters seek recovery for losses incurred as a result of Defendants' misrepresentations and omissions which resulted in subsequent declines in the price of Farfetch securities.  Thus, IAM National Pension Fund and Oklahoma Firefighters's claims arise from the same conduct as those of the other class members.  Accordingly, IAM National Pension Fund and Oklahoma Firefighters are typical.

**b.    IAM National Pension Fund and Oklahoma Firefighters Are Adequate**

"The adequacy requirement is satisfied if the movant shows that (1) class counsel is qualified, experienced, and general[ly] able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (internal quotation and citation omitted).

Here, IAM National Pension Fund and Oklahoma Firefighters's significant losses in connection with their Class Period investments in Farfetch securities ensure that IAM National Pension Fund and Oklahoma Firefighters have the incentive to vigorously pursue the claims against Defendants.  Moreover, as set forth in IAM National Pension Fund and Oklahoma Firefighters's PSLRA certifications, IAM National Pension Fund and Oklahoma Firefighters have affirmatively demonstrated their willingness to pursue this litigation for the benefit of the class. *See* Silk Decl., Ex. A.  In addition, there are no conflicts between IAM National Pension Fund and Oklahoma Firefighters and the class, as each seeks to recover losses caused by Defendants' false and misleading statements.  IAM National Pension Fund and Oklahoma Firefighters have also demonstrated their adequacy through the selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class.  As discussed more fully below, Bernstein Litowitz and Kessler Topaz are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action litigation together in an efficient, effective, and professional manner.

In addition to satisfying the typicality and adequacy requirements of Rule 23, IAM National Pension Fund and Oklahoma Firefighters—a cohesive pair of sophisticated institutional investors collectively responsible for overseeing more than $15 billion in assets—are exactly the

type of investors Congress envisioned would serve as lead plaintiff.  *See* H.R. Conf. Rep. No. 104-369, at \*34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Faig*, 2013 WL 6705045, at \*8 (finding that movant's status as institutional investor "weighs in favor" of adequacy) (citation omitted).

Moreover, the appointment of a group of class members as lead plaintiff is expressly permitted by the PSLRA.   *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). Additionally, courts in the Second Circuit have repeatedly recognized the propriety of appointing groups of investors that "are able to 'function cohesively and to effectively manage the litigation apart from their lawyers.'"  *Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutional investors).

As set forth in their Joint Declaration, IAM National Pension Fund and Oklahoma Firefighters have demonstrated their commitment to working cohesively as a group in the vigorous and efficient prosecution of this action.  *See* Silk Decl., Ex. C ¶¶ 9-17; *Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutional investors and noting "declarations demonstrating cooperative efforts among" the group's members); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 13-6731, 2014 WL 1395059, at \*7 (E.D. Pa. Apr. 10, 2014) (appointing institutional investor group that submitted joint declaration, in which group "agree[d] to take full responsibility for providing fair and adequate representation and overseeing counsel and espouse[d] its commitment to prosecuting this litigation vigorously and efficiently").  Among other things, the Joint Declaration details:

- the due diligence and motivations underlying the decision of IAM National Pension Fund and Oklahoma Firefighters to jointly seek appointment as Lead Plaintiff,

including the significance of their financial losses and the desire to provide the class with representation by like-minded, highly-motivated, and sophisticated institutional investors (Silk Decl., Ex. C ¶¶ 6-9);

- steps taken by IAM National Pension Fund and Oklahoma Firefighters to formalize their commitment to work together, including their participation in a conference call during which they discussed the merits of the litigation, their interest in serving jointly as Lead Plaintiff, and measures to ensure effective coordination of their prosecution of the litigation (*id.* ¶¶ 10-14, 16);

- IAM National Pension Fund and Oklahoma Firefighters's acknowledgment and acceptance of their duties and obligations to all class members if appointed as Lead Plaintiff and their commitment to seek the largest possible recovery for the class (*id.* ¶ 17); and

- IAM National Pension Fund and Oklahoma Firefighters's commitment to oversee counsel, including IAM National Pension Fund and Oklahoma Firefighters's direction of Bernstein Litowitz and Kessler Topaz to enter into a Joint Prosecution Agreement ("JPA") governing counsel's activities in this litigation, their reporting to and oversight by IAM National Pension Fund and Oklahoma Firefighters, and the allocation of litigation responsibilities to ensure the zealous and cost-effective prosecution of this action, and to provide the JPA to the Court upon its request (*id.* ¶¶ 15-16).

Drawing upon their collective resources and experience, IAM National Pension Fund and Oklahoma Firefighters's partnership is well-suited for this litigation and would advance the interests of the class.  Indeed, IAM National Pension Fund and Oklahoma Firefighters are sophisticated institutional investors that have substantial experience serving as lead plaintiffs in complex securities class actions.  *See id*. ¶¶ 3, 5; *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.) ($85 million recovery with Oklahoma Firefighters serving as co-lead plaintiff and Bernstein Litowitz and Kessler Topaz serving as co-lead counsel). This prior experience will provide a considerable benefit to the class.

C.    **IAM National Pension Fund and Oklahoma Firefighters's Selection of Lead Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); *Springer*, 2017 WL 838197, at *3 ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class") (internal alteration and citation omitted). The Court should not disturb a lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Springer*, 2017 WL 838197, at *3 ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.") (citation omitted). Here, IAM National Pension Fund and Oklahoma Firefighters have selected and retained Bernstein Litowitz and Kessler Topaz to serve as Lead Counsel for the class. IAM National Pension Fund and Oklahoma Firefighters's selection of Lead Counsel should be approved.

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Silk Decl., Ex. E (Bernstein Litowitz's Firm Résumé). Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz also served as co-lead counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-1664-WHW-ES (D.N.J.), in which settlements in excess of $3.3 billion in cash and extensive corporate governance reforms were obtained on behalf of the class. More recently, Bernstein Litowitz served as Lead Counsel and obtained a $480 million recovery on behalf of the class in *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.). In addition, Bernstein Litowitz obtained a plaintiffs' verdict following a four-week trial in *In re Clarent Corporation Securities Litigation*, No. 01-cv-3361 (N.D. Cal.), the second verdict in favor of investors since the 1995 passage of the PSLRA.

Other significant securities class actions in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel include *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659-LAP (S.D.N.Y.) (recovering $1.3 billion for investors); *In re Refco, Inc. Securities Litigation*, No. 05-cv-8626-JSR (S.D.N.Y.) (recovering $367 million for investors); and *Faig v. BioScrip, Inc.*, No. 13-cv-6922 (S.D.N.Y.) (recovering $10.9 million for investors) (Nathan, J.).

Similarly, Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Silk Decl., Ex. F (Kessler Topaz's Firm Résumé). The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Tenet Healthcare Corporation Securities Litigation*, No. CV-02-8462-RSWL (Rx) (C.D. Cal.) (recovering $215 million for investors); and *In re Brocade Securities Litigation*, No. C 5-2042 CRB (N.D. Cal.) (recovering $160 million for investors).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); *In re Allergan Generic Drug Pricing Securities Litigation*, No. 16-cv-9449 (KSH) (CLW) (D.N.J.); *In re Celgene Corp. Securities Litigation*, No. 18-cv-4772 (JMV) (JBC) (D.N.J.); and *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-3187 (SJC) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—which at the time was one of just thirteen securities

14

class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Moreover, Bernstein Litowitz and Kessler Topaz have a history of jointly prosecuting securities fraud class actions.  Bernstein Litowitz and Kessler Topaz's joint prosecutions, which have resulted in recoveries collectively exceeding $4.5 billion in recent years, include, among others: *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (S.D.N.Y.) ($2.425 billion recovery with Kessler Topaz and Bernstein Litowitz as co-lead counsel, among others); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) ($730 million recovery with Bernstein Litowitz as lead counsel and Kessler Topaz as additional counsel); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y.) ($627 million recovery with Kessler Topaz and Bernstein Litowitz as co-lead counsel); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (S.D.N.Y.) ($615 million recovery with Kessler Topaz and Bernstein Litowitz as co-lead counsel).  More recently, Bernstein Litowitz and Kessler Topaz served together as co-lead counsel in *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (C.D. Cal.), in which $250 million was recovered for investors, and are currently serving together as co-lead counsel in *Hedick v. The Kraft Heinz Co.*, No. 19-cv-01339 (RMD) (N.D. Ill.), and Kessler Topaz and Bernstein Litowitz are serving together as lead counsel and liaison counsel, respectively, in *Plaut v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve IAM National Pension Fund and Oklahoma Firefighters's selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class. *See Springer*, 2017 WL 838197, at *3 (approving the lead plaintiff's selection of co-lead counsel).

## IV.   CONCLUSION

For the foregoing reasons, IAM National Pension Fund and Oklahoma Firefighters respectfully request that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint IAM National Pension Fund and Oklahoma Firefighters as Lead Plaintiff: and (3) approve IAM National Pension Fund and Oklahoma Firefighters's selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class.

DATED: November 18, 2019

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*S/ Gerald H. Silk*
Gerald H. Silk
Avi Josefson
Michael D. Blatchley
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for IAM National Pension Fund*
*and Proposed Lead Counsel for the Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

Naumon A. Amjed
Darren J. Check
Ryan T. Degnan

16

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

17