USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jeff Omdahl, *et al.*,

            Plaintiffs,

–v–

Farfetch Limited, *et al.*,

            Defendants.

19-cv-8657 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

This is a putative securities class action against an online fashion retailer, Farfetch Limited. Plaintiffs IAM National Pension Fund and Oklahoma Pension and Retirement System move to be appointed lead plaintiffs and for their chosen law firms, Bernstein Litowitz and Kessler Topaz, to be appointed as lead counsel. This motion is now unopposed. For the reasons that follow, the Court GRANTS these plaintiffs' two motions.

## I. CONSOLIDATION

Before appointing a lead plaintiff, the Court must first decide whether consolidation is appropriate. *See* 15 U.S.C. § 78u–4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [on the lead plaintiff] after the decision on the motion to consolidate is rendered."). Consolidation is governed by Federal Rule of Civil Procedure 42, which provides that consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." *See also In re CMED Sec. Litig.*, No. 11-cv-9297 (KBF), 2012 WL 1118302, at **1–2 (S.D.N.Y. Apr. 2, 2012). "The trial court has broad discretion to determine whether

consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). Both equity and judicial economy guide this analysis. *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

There are two putative securities class actions brought by investors who purchased Farfetch securities pending before this Court. *See Omdahl v. Farfetch Limited*, No. 19-cv-8657 (AJN) (S.D.N.Y.); *City of Coral Springs Police Officers' Retirement Plan v. Farfetch Limited*, No. 19-cv-8720 (AJN) (S.D.N.Y.). These cases make overlapping allegations against overlapping defendants. They both allege that Farfetch, a fashion retailer, failed to disclose material adverse facts about its operations and prospects in the period around its IPO. And they allege that when Farfetch eventually disclosed these facts, its share price plummeted, causing the investor-plaintiffs significant financial harm. Under these circumstances, consolidation is appropriate—indeed courts in this District frequently consolidate putative securities class actions that overlap in this manner. *See, e.g.*, *Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514 (JPO), 2016 WL 299034, at *4 (S.D.N.Y. Jan. 25, 2016). To be sure, there are differences between the two cases. Plaintiffs in one case bring claims under only the Securities Act, while plaintiffs in the other rely on both the Securities and Exchange Act. And the class periods, though overlapping, are not identical. However, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). IAM National Pension Fund and Oklahoma Pension and Retirement System's motion to consolidate these two civil actions is therefore granted.

## II. APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL

The Court turns next to the motions to appoint lead plaintiffs and lead counsel. Three such motions have been filed in this matter. First, IAM National Pension Fund and Oklahoma Pension and Retirement System jointly moved to be appointed lead plaintiffs and for the law firms Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP to be appointed lead counsel. Dkt. No. 23. Second, Nadia Khan moved to be appointed lead plaintiff and for the law firm Levi & Korsinsky to serve as lead counsel. Dkt. No. 16. Third, Long Pine Capital Limited moved to be appointed lead plaintiff and for the Rosen Law Firm to be appointed lead counsel. Dkt. No. 20.

Following the initial flurry of motions in this case, Long Pine Capital withdrew its motion to be appointed lead plaintiff and approve its selection of counsel. Dkt. No. 27. Long Pine Capital's request therefore is no longer before the Court. Moreover, Khan failed to file an opposition to IAM National Pension Fund and Oklahoma's Firefighters' motion. As a result, the Court deems her motion abandoned. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) (lead plaintiff movants "did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn"). IAM National Pension Fund and Oklahoma Firefighters' motion is thus unopposed. The Court nonetheless addresses the Private Securities Litigation Reform Act's requirements, which independently support the conclusion that these two parties should be appointed lead plaintiffs and be granted their choice of lead counsel. *See, e.g.*, *Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) ("Though Tran and Ybarra's motion is now unopposed, the Court nevertheless addresses the requirements under the Private Securities Litigation Reform Act of 1995 (the 'PSLRA') for appointment of lead plaintiffs, as other courts have done so even in the context of unopposed motions.") (citing cases).

### A. Appointment of Lead Plaintiffs

Under the PSLRA, "the Court must appoint the 'most adequate plaintiff' as lead plaintiff." *Maliarov v. Eros International PLC*, Nos. 15-cv-8956 (AJN), 2016 WL 1367246, at *2 (Apr. 5, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). The statute establishes a rebuttable presumption that the "most adequate plaintiff" is a plaintiff who, first, "has either filed the complaint or made a motion in response to a notice," second, "has the largest financial interest in the relief sought by the class," and third, "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). "This presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Maliarov*, 2016 WL 1367246, at *2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb)).

As an initial matter, IAM National Pension Fund and Oklahoma Firefighters satisfied the first requirement when they moved for appointment as lead plaintiff. *See In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-03495 (CM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016).

Second, IAM National Pension Fund and Oklahoma Firefighters have the "largest financial interest in the relief sought by the class" of any plaintiff who moved for appointment of class counsel. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Courts in this District, in determining which plaintiff has the great such interest, look to the following factors: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Maliarov*, 2016 WL 1367246, at *2 (citing *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11-cv-7133 (JPO),

2012 WL 946875, at *5 (S.D.N.Y. March 19, 2012)). The last factor, financial loss, is the most important of the four. *Peters*, 2012 WL 946875, at *5.

These four factors all point in favor of IAM National Pension Fund and Oklahoma Firefighters. These two plaintiffs represent that they suffered losses of approximately $5.7 million in connection with their transactions in Farfetch securities during the relevant period. *See* Dkt. No. 25, Silk Declaration. In contrast, Long Pine suffered losses of about $1 million, and Khan about $100,000. *See* Dkt. No. 28 at 6 (summarizing losses). IAM National Pension Fund and Oklahoma Firefighters correctly note that they have "suffered losses that are more than ***five time*** the size of the ***combined*** losses of the two other movants." *Id.* at 1–2 (emphasis in original). Because no other plaintiff has come forward suggesting that it has a greater financial interest in this litigation, these factors weigh heavily in favor of these two parties.

Third, IAM National Pension Fund and Oklahoma Firefighters satisfy the relevant requirements of Federal Rule of Civil Procedure 23. Rule 23(a) permits a party to sue on behalf of class subject to meeting four requirements:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"For the purposes of appointment as lead plaintiff pursuant to the PSLRA . . . 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 2016 WL 5867497, at *4 (quoting *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)).

Both requirements are easily met here. "The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Maliarov*, 2016 WL 1367246, at *6

5

(quoting *In re Drexel Burnham Lambert Grp., Inc*., 960 F.2d 285, 291 (2d Cir. 1992)).  Here, IAM National Pension Fund and Oklahoma Firefighters, like all members of the class, allege that the Defendants made and false and misleading statements about Farfetch's financial condition, rendering their claim typical of the purported class as a whole.  To satisfy the adequacy requirement, IAM National Pension Fund and Oklahoma Firefighters must demonstrate that "(1) [their choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between [them] and the members of the class; and (3) the [they have] a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).  The two plaintiffs have provided documents demonstrating the extensive experience of their two chosen law firms, Bernstein Litowitz and Kessler Topaz, in complex securities class action suits, see Dkt. 25, and no other party suggests otherwise.  Nor does any party suggest that these two plaintiffs have a conflict between their own interests and those of the class or that their demonstrated financial interest in the litigation is insufficient to ensure vigorous advocacy.

Finally, given the lack of opposition to these plaintiffs' motion, the Court has been presented with no proof that they "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II)(aa), (bb)). Thus, the Court grants IAM National Pension Fund and Oklahoma Firefighters motion to be appointed lead plaintiff.

### B. Appointment of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to

6

counsel." Maliarov, 2016 WL 1367246, at *7 (quoting *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015)). It is evident from the documentation provided to the Court that both law firms the lead plaintiffs seek appointed as co-counsel have had "extensive involvement in complex securities class action litigation." *Id.* Indeed, both Bernstein Litowitz and Kessler Topaz have litigated numerous large-scale securities class actions in this District to resolution, often obtaining large settlements for represented parties. *See* Silk Decl., Exs. E and F; *see also* Dkt. No. 24 at 13–14 (summarizing this information). And once again, because these plaintiffs' motion is unopposed, the Court has been presented with no argument for why these firms should not be appointed. The Court thus appoints Bernstein Litowitz and Kessler Topaz as co-lead counsel.

### III.   CONCLUSION

For the reasons stated above, IAM National Pension Fund and Oklahoma Firefighter's motion, Dkt. No. 23, is GRANTED. Pursuant to Federal Rule of Civil Procedure 42(a), the above-captioned securities class action, and any pending, previously or subsequently filed, removed, or transferred actions that are related to the claims asserted in the above-captioned action, including Case No. 19-cv-8720 (AJN) (S.D.N.Y.), are hereby consolidated for all purposes. The Consolidated Action shall be captioned as "*In re Farfetch Limited Securities Litigation*," and the file shall be maintained under Master File No. 19-cv-08657.

IAM National Pension Fund and Oklahoma Firefighters Pension and Retirement System are APPOINTED to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the Consolidated Action. IAM National Pension Fund and Oklahoma Firefighters

Pension and Retirement System's selection of Lead Counsel is APPROVED, and Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP are APPOINTED as Lead Counsel for the Class.

 This resolves Dkt. Nos. 16, 19, 20, and 23.

 SO ORDERED.

Dated: June 10, 2020
   New York, New York

_____
ALISON J. NATHAN
United States District Judge